## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHGIAN
## SOUTHERN DIVISION

GLENN VOGEL,

     Plaintiff,

Case No.

Hon. _____

v.

BRET RUSSELL, and
BRIG AIR SERVICES, LLC,

Defendants.

_____

## COMPLAINT AND JURY DEMAND

_____

### COMPLAINT

Plaintiff Glenn Vogel, by and through his attorneys, Pinsky Smith, PC, states as follows:

### Jurisdiction, Parties, and Venue

1.     This is an action requesting the Court to remedy violations of the following:

    a.     The Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.* (the "ADA") and factually related Michigan's Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq.* ("PDCRA");

b.      The Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (the "FLSA") and the Michigan Wages and Fringe Benefits Act MCL 408.471 *et seq.* ("MWFBA");

c.      Public policy of the State of Michigan; and

d.      Breach of contract and/or unjust enrichment.

2.      This Court has jurisdiction over this Complaint under 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. §216.

3.      Plaintiff is a resident of Ottawa County, Michigan, and the Western District of Michigan, Southern Division.

4.      At all times relevant to this Complaint, Plaintiff was Defendant's employee and had a disability as recognized under the ADA.

5.      Defendant Brig Air is a for-profit Michigan corporation registered in Oakland County, Michigan, doing business in the Western District of Michigan, Southern Division.

6.      Defendant Russell is the owner of Defendant Brig Air and upon information and belief is a resident of Oakland County, Michigan.

7.      At all times relevant to this Complaint, Defendants were Plaintiff's employers as recognized under the ADA, the PDCRA, the FLSA, and the MWFBA.

8.      Plaintiff worked for Defendant Brig Air for approximately six months until Defendant terminated his employment on April 4, 2022.

9.      Venue is proper within this judicial district under 28 U.S.C. §1391.

## Statement of Facts

### A. Introduction

10.    Defendant Brig Air hired Plaintiff on or about October 1, 2021, as its Director of Operations and Chief Pilot.

11.    Brig Air operates private aircrafts that transport individuals across the United States, as regulated and certified by the Federal Aviation Administration ("FAA").

12.    Plaintiff operated Brig Air's aircraft out of a hanger in Kalamazoo, Michigan.

13.    While employed by Defendant, Plaintiff performed his duties in an entirely satisfactory manner.

14.    During his employment as a pilot for Defendant's private aircraft, Plaintiff was repeatedly forced to fly illegal charters in violation of FAA regulations.

15.    When Plaintiff learned of this, he brought this to Defendant Russell's attention and insisted that they keep operations above board and legal. Defendant Russell agreed to stop but the illegal practice continued, often behind Plaintiff's back and unbeknownst to him until he was in a position where he had no choice but to fly the plane anyway, as his employer required.

16.    Upon information and belief, Defendant Brig Air violated many other FAA regulations.

17. Plaintiff was in a difficult position, knowing his employer was violating the law, and this stress took a significant toll on his health.

18. On March 29, 2022, Plaintiff suffered a stress-induced medical episode, likely because of the illegal and unethical activities Defendant constantly requested of him. This was diagnosed as a transient ischemic attack ("TIA"), which causes symptoms like a stroke.

19. As a result, Plaintiff was hospitalized through March 30, 2022, and then again March 31-April 1, 2022.

20. The TIA itself disqualified Plaintiff from operating an aircraft per FAA regulations. Plaintiff explained this to Defendant Russell and indicated he believed he would be cleared to fly again in six months.

21. Defendant Russell indicated he would need to hire a new pilot for that six-month period, for that part of Plaintiff's role, but offered that Plaintiff could continue the operations/administrative work he was already doing and also add in accounting work as well, which he indicated he was going to hire out anyway.

22. Plaintiff accepted this accommodation. Plaintiff indicating his willingness to perform any other work available and his appreciation that Defendant would continue to employ him, as he and his family were dependent on the employment compensation and insurance through Defendant Brig Air.

23.    On April 4, Plaintiff texted Defendant, informing him that he was feeling better and already back to work, performing the administrative/accounting work they had discussed.

24.    Defendant Russell thanked him.

25.    Plaintiff learned later that Defendant considered him terminated "for cause" under his original contract because he was unable to legally operate an aircraft.

26.    Additionally, Defendant Russell then sent Plaintiff a new contract, forcing Plaintiff to be an independent contractor instead of an employee, as they had discussed.

27.    Plaintiff's position should have been classified as an employee as opposed to an independent contractor position. Not only was it just an extension of his previous employment, swapping out the pilot tasks for accounting tasks as an accommodation for his disability until he was cleared to fly again, but also, it would have been inappropriate to designate this job with independent contractor status anyway. Plaintiff is not a licensed accountant and would have been performing administrative and accounting tasks for Defendant simply as part of his employment, over which Defendant Russell would have had total control.

28.    Plaintiff was unwilling to accept an independent contractor position as accountant, as this would have left him without any employment protections. It also would have created liability for him with respect to the kinds of decisions he expected

Defendant Russell to expect him to make and duties he would be required to handle (many of which are unethical and/or illegal).

29.    Defendant Russell refused to hire him in any other capacity and refused to discuss the necessary accommodations collaboratively.

30.    Having already offered Plaintiff a reasonable accommodation, Defendant essentially then rescinded the job, and worse, refused to participate the good faith, interactive process to discuss reasonable accommodation or other positions that would have allowed Plaintiff to continue employment. Defendant Russell denied the existence of an available job as an accommodation to Plaintiff for this sis-month period and seemed to believe he was resolved of any responsibilities to Plaintiff under disability-protection laws or any other reasonable, moral standard.

31.    Defendant Russell then retaliated against him and refused to pay Plaintiff for the accounting work he had already performed in reliance on the employment agreement Plaintiff believed they had.

32.    Defendant Russell also then retaliated against him further and refused to reimburse Plaintiff for expenses he undertook on behalf of Brig Air, including expenses he incurred to ship property and equipment to Brig Air's main offices and his own travel expenses incurred.

33.    Upon information and belief, Defendant Brig Air used Plaintiff's TIA as an excuse to terminate him, in discrimination and/or retaliation for his disability and requests for accommodation.

34.     Upon information and belief, Defendant Brig Air terminated Plaintiff and further denied him status as an employee in retaliation for Plaintiff's persistent objections to Defendant's unethical and illegal practices.

35.     Defendants' actions harmed Plaintiff emotionally, physically, and financially.

<u>Statutory Prerequisite</u>

36.     Plaintiff filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the commission of the unlawful employment practice alleged herein.

37.     Plaintiff received a Notice of Right to Sue from the EEOC. (**Exhibit 1**).

38.     This action has been filed with 90 days of the receipt of Plaintiff's Notice of Right to Sue.

## COUNT I – Violation of the Americans with Disabilities Act

39. Plaintiff relies on the allegations of all prior paragraphs as if they were restated herein.

40. Defendant violated the ADA when it discriminated against and Plaintiff on account of his disability, failed to provide him a reasonable accommodation, retaliated against him for having a disability and requesting an accommodation, refused to provide available, suitable, and alternative work as an accommodation under the ADA, and refused to engage in the interactive process required by the ADA to even discuss accommodations that could work.

41. Defendant Russell's offer for employment performing accounting tasks shows the existence of a position Plaintiff could have worked as an accommodation under the ADA.

42. Russell's refusal to hire Plaintiff to do this work as an employee, therefore, violated the ADA.

43. As a result, Plaintiff has suffered and will continue to suffer harm.

## COUNT II – Violation of the Michigan's Persons with Disabilities Civil Rights Act

44. Plaintiff relies on the allegations of all prior paragraphs as if they were restated herein.

45. Plaintiff relies on the allegations of all prior paragraphs as if they were restated herein.

46. Defendant violated the PDCRA when it discriminated against Plaintiff on account of his disability, failed to provide him a reasonable accommodation,

retaliated against him for having a disability and requesting an accommodation, refused to provide available, suitable, and alternative work as an accommodation, and refused to engage in an interactive process to discuss accommodations.

47.     As a result, Plaintiff has suffered and will continue to suffer harm.

## COUNT III – Violation of the Fair Labor Standards Act

48.     Plaintiff relies on the allegations of all prior paragraphs as if they were restated herein.

49.     Defendant failed to pay Plaintiff for the time he spent employed as an accountant, in violation of FLSA §206 and §216.

50.     Defendant's failure to page Plaintiff wages as aforesaid was willful within the meaning of FLSA §55(a) of the Act, and not in good faith within the meaning of §11 of the Portal to Portal Act (29 U.S.C. §260).

51.     Based on the foregoing, Defendant has violated §6 and §7 of the Act (29 U.S.C. §206, §207) entitling Plaintiff to the compensation set forth in §16(b) of the Act (29 U.S.C. §216(b)).

52.     Because Defendant's violation of the Act was not in good faith within the meaning of §11 of the Portal to Poral Act (29 U.S.C. §260), Plaintiff is entitled to liquidated (double) damages under §16(b) of the Act (29 U.S.C. §216(b)).


## COUNT IV – Breach of Contract, Promissory Estoppel, and/or Unjust Enrichment

53.     Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

54.     Defendant offered Plaintiff employment as an accountant.

55.     Plaintiff accepted and began performing the work. Plaintiff worked approximately 40 hours in reliance on this agreement, for which Defendant then refused to pay him.

56.     Plaintiff also returned equipment and other property to Defendant, on Defendant's promise that he would be reimbursed, yet Defendant refused to reimburse him.

57.     As a result, Plaintiff has suffered irreparable harm, and he will continue to suffer such harm unless the relief requested herein is granted.

### COUNT V – Wrongful Discharge in Violation of Public Policy

58.     Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

59.     During his employment with Defendant, Defendant Russell repeatedly violated FAA and other regulations repeatedly.

60.     Plaintiff reported these issues and stated his refusal to assist Defendant with illegal charters.

61.     Defendant Russell repeatedly set up illegal charters behind Plaintiff's back and forced him to operate the plane anyway.

62.     Upon information and belief, Defendant discharged Plaintiff because

he refused to participate in unlawful operation of Defendant's plane, he was unwilling to stay silent about his objections, and his conviction to ethical, legal standards threatened to eventually expose Defendant and their unethical, unsafe, illegal practices.

63.     In terminating Plaintiff, Defendants were also retaliating against him for his objections and refusal to participate in the unlawful and unethical activities of Defendant Brig Air.

64.     Defendants' decision to terminate Plaintiff violates clearly established public policy of the State of Michigan that an employer may not adversely alter an employee's employment when the reason for doing so was the failure or refusal to violate a law in the course of employment.

65.     As a result, Plaintiff has suffered irreparable harm, in that he has been unlawfully terminated, and he will continue to suffer such harm unless the relief requested herein is granted.

<u>Relief Sought</u>

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.     Reinstate Plaintiff to his position;

B.     Award Plaintiff damages equal to any salary, wages, bonuses, benefits, and/or other compensation and reimbursements denied or lost to him from the unlawful termination;

C.     Award compensatory damages including damages for mental anguish and emotional distress and for damage to their names and reputations;

D.     Award liquidated damages;

E.  Award costs and reasonable attorney fees; and

F.  Award such other relief as may be just and equitable.

PINSKY SMITH, PC
Attorney for Plaintiff

Dated: May 6, 2024              By:   /s/ Crystal J. Bultje
                                     Crystal J. Bultje (P80276)
                                     146 Monroe Center N.W., Suite 418
                                     Grand Rapids, MI 49503
                                     (616) 451-8496
                                     cbultje@pinskysmith.com

## JURY DEMAND

Plaintiff, by and through her attorneys, Pinsky Smith, PC and hereby demands a trial by jury of the entitled matter.

PINSKY SMITH, PC
Attorneys for Plaintiff

Dated: May 6, 2024        By:    /s/ Crystal J. Bultje
                                 Crystal J. Bultje (P80276)
                                 146 Monroe Center N.W., Suite 418
                                 Grand Rapids, MI 49503
                                 (616) 451-8496
                                 cbultje@pinskysmith.com